1st page.

TO: Court Reporter, Angela A. O'Donnell
From: Ricardo. Ramos. #64663-054
Reason: Eligibility for "2 point Reduction Act",
(Under 2nd. Admendment)
Case Number: S2 10 CR. 392 (24)(cs)

Date: 3/07/2024

RECEIVED MAR 11 2024 U.S.D.C. W.P.

Dear Mrs. O'Donnell,

    I write this letter to you in concerns about receiving the (2 point Reduction) for my "Prior Narcotic Conviction", in "1998", I was 17 years of age, And i also had gotten sentenc[ed] under the youthful offender Status (Y.O. STATUS). I Know that my Prior Conviction for the criminal sale of a "Control Substance", was used against me during my sentence in "2012"... I also Know that they "Enhanced", me for that charge of "1998", which definitely changed my Category to a higher one! I was basically sentenced as a Career Offender, in other words. However this is my 1st. letter ever to the courts conce[r]ning my case, I was never awarded the 18 to 1 act, and/or the Equal Act. No points where ever granted to me. I have no —

Violent back ground, just Burglary & Drugs.

Well i will be trying to contact you through phone, i really hope to hear back from you soon, But i thank you very much in Advan for your time concerning this matter just in case I don't get to speak with you via Telephone.

May you have a blessed day and just Know that i truly do Appreciate an immediate responce. Thank you Mrs. O'Donnell!

Yours Truly,
R.J. Ramos

Ricardo Ramos.    D.O.B. 6/25/1981
Case Number: S2 10 CR. 392 (24)(CS)

---

Mr. Ramos is not eligible for a reduction under 18 USC 3582(c). Amendment 821 does not apply because he did not receive "status points" and he was not a "zero point" offender. He is not eligible for a reduction under Amendment 782, because although that reduced the base offense level for 280 grams or more of crack to 30 from 32 and is retroactive, Mr. Ramos' offense level was calculated based on his being a career offender. See U.S.S.G. 1B1.10(a)(2)(B) (no reduction authorized if retroactive amendment does not reduce applicable range). Although he would not be a career offender today pursuant to Amendment 798, which removed burglary from the definition of "crime of violence," that Amendment was not made retroactive. At the time Mr. Ramos qualified as a career offender based on his burglary and attempted burglary convictions alone, even without his criminal sale of a controlled substance offense, but I know of no reason why the latter offense would not properly be counted even though he was adjudicated a youthful offender. Should the Sentencing Commission change the rules for offenses committed before age 18, which it is considering, and should any such change be made retroactive, and should that change affect his offense level and reduce it below the sentence he received, he could make an application for a sentence reduction under 18 U.S.C. § 3582(c)(2). But for now he is not eligible for such a reduction. I express no opinion as to whether Defendant may be eligible under 18 U.S.C. § 3582(c)(1)(A). Defendant is reminded that he already got the benefit of the 18:1 amendment because it was effective in 2010 and he was sentenced in 2012. The "Equal Act" is a bill but not a law that has been enacted. He is also reminded that he was sentenced within the range that the parties agreed would have applied had he not been a career offender. My chambers will send a copy of this endorsement to Mr. Ramos.

SO ORDERED.

Cathy Seibel    3/13/24



From: Ricardo Ramos #64663-054
Federal Correctional Institution
FCI Mc Kean
P.O. Box 8000
Bradford, PA 16701

⇔64663-054⇔
Angela O Donnell
300 Quarropas ST
U.S.D.C.R.
White Plains, NY 10601-4150
United States

RECEIVED
MAR 11 2024
U.S.D.C.
W.P.

10601-415099