IN THE UNITED STATES DISTRICT COURT
FOR THE
___Southern___ DISTRICT OF ___New York___

___Ricardo Ramos___, § FILE NUMBER: __S2 10 CR. 392 (24)(CS)__
          Petitioner, §
v. §
           §
UNITED STATES OF AMERICA, § Honorable __Cathy Seibel__
          Respondent. § United States District Judge

---

Motion For Judicial Recommendation To The Federal Bureau Of Prisons For 12 Months RRC Placement – Six Months Halfway House And Six Months Home Confinement

---

NOW COMES __Ricardo Ramos__, (Hereinafter "Petitioner"), pro se, requesting from this Honorable Court, a Judicial Recommendation according to the Federal Court Rules and in support of his Motion states the following:

1. Petitioner was convicted of __21 USC 846__ "Conspiracy to Distribute And Possess with Intent Distribute Cocaine Base – A Class A Felony –" and "other related charges which resulted in a __168__ Month sentence which he is now serving.

2. Petitioner moves this Court to exercise its jurisdictional authority and make a post-sentencing Judicial Recommendation for Petitioner's 12 months RRC Placement – Six Months Halfway House and Six Months Home Confinement.

3. This Court is authorized to make a recommendation after sentencing because the recommendation is just that - a recommendation. See *United States v. Baker*, No. 3:010cr-94-01-MHT, 2013 U.S. Dist. Lexis 11418, 2013 WL 355867, at* 1 (MD Ala. Jan 29,



2013)(recognizing the Court's authority to make a post-sentencing recommendation relating to confinement); <u>United States v. Palacious</u>, No. 05-cr-2203 IEG, 2007 U.S. Dist. Lexis 65644, 2017 W> 2410389, at *3 (SD Cal July 12, 2017)(same). By making a post-sentencing recommendation, the Court is not modifying or correcting defendant's sentence. See 18 U.S.C. 3624(c) (identifying acceptable reasonable reason to modify a sentence of imprisonment.

4. A Court's recommendation on place of confinement is not part of the sentence imposed. <u>Fajri v. Leavenworth</u>, No. 04-3311-RDR, 2005 U.S. Dist. Lexis 49681, 2005 WL 2035047, at *1 (D. Kan. Aug. 2005)(citing <u>Prows v. Fed. Bureau of Prison</u>, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992)). The Bureau of Prisons is responsible for deciding whether to place a prisoner in RRC. See 18 U.S.C. 3624(C)(6)(A). But in making this decision, the Bureau of Prison may consider any recommendation made by the sentencing Court. See 18 U.S.C. 3631(B)(4)(B).

5. Title 18 Section 3621(b) of the United States Code provides that the Bureau of Prisons has the discretion to place an inmate into "any available penal or correctional facility, including an RRC placement, and to direct the transfer of an inmate from one penal correctional facility to another" at any time. In determining which facility to place the inmate in, the FBOP must consider:

> (1) The resources of the facility contemplated; (2) The nature and circumstances of the offense; (3) The history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence-(a) Concerning the purpose for which the sentence of imprisonment was determined to be warranted; or (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) or title 28.18.

6. Section 3624(c), on the other hand, deals exclusively with placement of prisoner during the final portion of the sentence. It Provides:

> The Director of the FBOP must, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry of that prisoner into the community. Such condition may include a community correctional facility. In administering 3624(c), courts consider the statutory factors outlined in 18 U.S.C. 3621(b).

7. Many courts have made post-sentencing Judicial Recommendations. See *United States v. Brattin*, 2016 U.S. Dist. Lexis 11222, 2016 WL 4467897; *Unites States v. Bartels*, 2016 U.S. Dist. Lexis 164056, 2016 WL 6956796; *United States v. Baker*, 2013 U.S. Dist. Lexis 11418, 2013 WL 355867, at 1-2; and *United States v. Qadri*, 2017 U.S. Dist. Lexis 38716, 2017 WL 1011663 at 1-2.

## REASONS TO GRANT PETITIONER'S REQUEST

It is within this Court's jurisdictional authority, under 18 U.S.C. 3621(B)(5), to make a recommendation that an incarcerated person serve part of his imprisonment within a Community correctional facility.

Here, Petitioner requests a post-sentencing Judicial Recommendation to the Bureau of Prisons that Petitioner serve the last 12 Months of his sentence within a halfway hours / RRC Placement, and/or home confinement so that he can reestablish himself by obtaining gainful employment and saving enough money to secure housing, clothing, transportation, food and basic necessities.

Upon Petitioner's release, he will be __43__ years old and this is his opportunity to become a productive member of society and a better <u>Husband / Father / Son</u> to his family.

While in prison, Petitioner has worked towards his goal of Staying Sober and Preparing to Provide a stable home. To do so, Petitioner has participated in the following programs: <u>GRADUATED (G.E.D. and maintained my sobriety by participating in AA, NA, and ~~RDAP~~ COMPLETED OTHER PROGRAMS. CULINARY ARTS, NON-RESIDENTIAL 7-HABBITS ON THE INSIDE & ANGER MANAGEMENT ETC.</u>

Petitioner invites this Court to review his prison conduct and programming history; and, if this court agrees that Petitioner is a good candidate for RRC placement and/or home confinement (based on rehabilitation; his family circumstances; and his desire to reenter society successfully), Petitioner requests the Court GRANT this motion.

## RELIEF REQUESTED

Wherefore Petitioner respectfully Requests this Court GRANT this Motion and: (1) Issue a Judicial Recommendation to the FBOP for 12 months of RRC placement – Six Months Halfway House and Six Months Home Confinement; and (2) Any other Recommendation that this Court deems reasonable.

Application denied.  Mr. Ramos has not provided sufficient information for me to make such a recommendation.  For example, while he is to be commended for taking advantage of programming, I have no information as to his disciplinary history.  Moreover, "Defendant has not cited any considerations that are particular to his situation and not generally applicable to large swaths of the prison population."  United States v. McBride, No. 17-CR-192-FPG, 2020 WL 1905253, at *1 (W.D.N.Y. Apr. 17, 2020).  In any event, "the BOP is generally in a better position to determine whether the Defendant is suitable for [RRC] placement."  Id.; see United States v. Britton, No. 09-CR-362 (ENV), 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020) (BOP "better suited to make decisions based on inmates' records and RRCs' availability").  The Clerk of Court is respectfully directed to send a copy of this endorsement to Mr. Ramos.

Sincerely Submitted,

*R. Ramos*

ID# 64663-054

SO ORDERED.

*Cathy Seibel*        5/31/24
CATHY SEIBEL, U.S.D.J.

Federal Correctional Institution McKean
Name: RICARDO RAMOS
Reg. #: 64663-054
P.O. Box 8000
Bradford, PA 16701

RECEIVED
MAY 28 2024
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

— Legal-Mail —

ROCHESTER NY 144
22 MAY 2024 PM 1 L

SDNY WP
USDNY WP

To: Cathy Seibel U.S.D.J.
United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

10601-415099

